R. T. McNAIR v. NORTH CAROLINA BOARD OF PHARMACY.

(Filed 22 May, 1935.)

**Pharmacists A a—Pharmacist licensed by another state failing to pass examination, held not entitled to stand another examination upon application therefor filed after 1 July, 1933.**

The provisions of ch. 206, Public Laws of 1933, amending N. C. Code, 6658, that a pharmacist licensed by another state, and who has had fifteen years continuous experience in North Carolina under the instruction of a licensed pharmacist next preceding his application, shall be permitted to stand the examination to practice pharmacy in this State upon application filed with the board prior to 1 July, 1933, does not entitle a person meeting the qualifications of the act and being of the required age to be permitted to stand the examination upon his application therefor filed after 1 July, 1933, although he had previously made other applications therefor and had been permitted to stand examinations of the board held prior to 1 July, 1933, and had failed to pass such examinations, the request filed after 1 July, 1933, for a "reëxamination" being in legal effect an application for an examination *de novo*, nor is this result affected by the fact that the board had permitted applicants who failed to pass the examination to stand a subsequent examination without filing a new application, and the issuance of a writ of *mandamus* directing the board to permit such applicant to stand the examination upon his application filed after 1 July, 1933, is error.

Appeal by defendant from *Phillips, J.*, at January Term, 1935, of Richmond. Reversed.

This is an action for a writ of *mandamus* to be directed to the defendant North Carolina Board of Pharmacy, commanding said board to examine the plaintiff on his application for license to practice pharmacy in this State, as required by statute.

At the hearing of the action, judgment was rendered as follows:

"This cause coming on to be heard before his Honor, F. Donald Phillips, resident judge of the Thirteenth Judicial District, at the regular January Term, 1935, of the Superior Court of Richmond County, upon the application of the plaintiff for a writ of *mandamus* to require the defendant to allow the plaintiff to take an examination for license to practice pharmacy in the State of North Carolina, and being heard upon the pleadings, and the affidavits filed by the plaintiff, the court finds the facts, as follows:

"1. That this action was duly and properly instituted in the Superior Court of Richmond County on 20 December, 1934, and the summons, with a copy of the verified complaint, was duly served on the defendant on 21 December, 1934, and that the action and all parties thereto are properly before the court.

"2. That the plaintiff is a citizen and resident of Richmond County, State of North Carolina, and has been such all of his life, and is now thirty-three years of age.

"3. That the defendant the North Carolina Board of Pharmacy is a board of five persons, commissioned by the Governor of the State, and that it is their duty to examine applicants for license to practice pharmacy in said State.

"4. That at the 1933 session of the General Assembly of North Carolina an act was passed, known as chapter 206 of the Public Laws of said session, and is copied verbatim in paragraph 3 of the complaint herein.

"5. That the plaintiff was and is qualified under said chapter 206 of the Public Laws of North Carolina of the 1933 General Assembly to be admitted to take the examination by the said North Carolina Board of Pharmacy for license to practice pharmacy within the State of North Carolina, the plaintiff having previously been licensed to practice pharmacy in the State of South Carolina, and having had at least fifteen years of continuous experience in North Carolina under the instruction of a licensed pharmacist next preceding the filing of his application to stand the examination to practice pharmacy in North Carolina, as hereinafter set out.

"6. That the plaintiff filed an application with the said Board of Pharmacy on 3 June, 1933, to take the examination before the said board, which application was accepted by said board, and that during

the said month of June, 1933, the plaintiff took said examination, but failed to pass and be licensed as a pharmacist, according to the report of said board.

"7. That on 27 June, 1933, the plaintiff filed a request for a reexamination under his former application, and was permitted to and did take said reexamination during the month of June, 1934, and that he again failed to pass the examination, according to the report of said board.

"8. That on 31 October, 1934, the plaintiff again requested the said Board of Pharmacy to allow him to take another examination under the aforesaid application, said request having been made in a letter to the secretary of said board, at which time the plaintiff forwarded to said board a check in payment of the examination fee, but that the secretary of said board returned the check to the plaintiff and notified the plaintiff that he would not be given a reexamination; that, in addition to the request in writing to the secretary of said board, the plaintiff appeared in person before said Board of Pharmacy at Chapel Hill, N. C., on 19 November, 1934, and then and there requested and demanded that he be allowed to take said reexamination, but the defendant refused to permit the plaintiff to take said reexamination.

"9. That it is the custom and practice of the said Board of Pharmacy, according to its interpretation of the statutes of North Carolina, under and by virtue of which it is authorized, empowered, and directed to give examinations to applicants for license to practice pharmacy, to give as many examinations to an applicant, upon his filing one application, as the said applicant may desire, and that on said application blanks are printed spaces to be used for the record of grades of several examinations.

"10. That it is the custom and practice of the said Board of Pharmacy, according to its interpretation of said statutes, to require of an applicant who desires to be given a reexamination only an additional fee of $10.00 for each reexamination, any and all of said examinations to be given upon the original application.

"Upon the foregoing findings of fact, the court is of the opinion that it is the ministerial duty of the defendant to allow the plaintiff an opportunity to take the examination for which he has heretofore filed a request, upon the payment of a fee of $10.00 therefor, and such other examination or examinations as the plaintiff may desire to take upon the application heretofore filed, when and if he makes a request therefor, and pays or tenders the proper fee to said board, and the court is further of the opinion that the defendant, having heretofore accepted the application of the plaintiff for an examination for license to practice pharmacy in North Carolina, and having permitted the plaintiff to take two such examinations, the defendant is now estopped to set up the plea

that the plaintiff is not qualified to take said examination as set forth in paragraph 4 of its answer and, therefore, the defendant is hereby ordered and directed to permit the plaintiff to take the reëxamination which he has heretofore requested upon the payment of the fee of $10.00 to said board, and such other examinations as the plaintiff may request, upon his payment of the proper fees therefor."

To the foregoing judgment the defendant excepted and appealed to the Supreme Court, assigning as error the signing of the judgment.

*W. G. Pittman and Varser, McIntyre & Henry for plaintiff.*
*F. O. Bowman and S. M. Gattis, Jr., for defendant.*

Connor, J. It is provided by statute in this State that "if any person, not being licensed as a pharmacist or assistant pharmacist, shall compound, dispense, or sell at retail any drug, medicine, poison, or pharmaceutical preparation, either upon a physician's prescription or otherwise, and any person, being the owner or manager of a drug store, pharmacy, or other place of business, who shall cause or permit any one not licensed as a pharmacist or assistant pharmacist to dispense, sell at retail, or compound any drug, medicine, poison, or physician's prescription contrary to the provisions of this article, he shall be deemed guilty of a misdemeanor, and fined not less than twenty-five nor more than one hundred dollars." N. C. Code of 1931, sec. 6668.

Prior to the enactment of chapter 206, Public Laws of North Carolina, 1933, it was provided by statute that "every person who shall desire to be licensed as a pharmacist or assistant pharmacist shall file with the secretary of the Board of Pharmacy, an application, duly verified under oath, setting forth the name and age of the applicant, the place or places at which and the time he has spent in the study of the science and art of pharmacy, the experience in the compounding of physician's prescriptions which the applicant has had under the direction of a legally licensed pharmacist, and such applicant shall appear at a time and place designated by the Board of Pharmacy and submit to an examination as to his qualifications for registration as a licensed pharmacist or assistant pharmacist. The application referred to above shall be prepared and furnished by the Board of Pharmacy.

"In order to become licensed as a pharmacist, within the meaning of this article, an applicant shall be not less than twenty-one years of age, he shall present to the Board of Pharmacy satisfactory evidence that he has had four years experience in pharmacy under the instruction of a licensed pharmacist, and that he is a graduate of a reputable school or college of pharmacy, and he shall also pass a satisfactory examination by the Board of Pharmacy: *Provided, however,* that the actual time of

attendance at a reputable school or college of pharmacy, not to exceed two years, may be deducted from the time of experience required." N. C. Code of 1931, sec. 6658.

By chapter 206, Public Laws of North Carolina, 1933, the foregoing statute was amended by adding thereto the following:

"*Provided,* that any person legally registered or licensed as a pharmacist by another state board of pharmacy, and who has had fifteen years continuous experience in North Carolina under the instruction of a licensed pharmacist next preceding his application, shall be permitted to stand the examination to practice pharmacy in North Carolina upon application filed with said board prior to the first day of July, 1933."

The plaintiff in the instant case filed his application to be examined for license as a pharmacist by the defendant Board of Pharmacy prior to 1 July, 1933. At the time said application was filed, the plaintiff was more than twenty-one years of age; he had been licensed as a pharmacist by the Board of Pharmacy of the State of South Carolina; and he had had fifteen years continuous experience as a pharmacist in North Carolina under the instruction of a licensed pharmacist. He was therefore, under the provisions of the statute as amended, entitled to stand and was permitted by the defendant board to stand its examination of applicants for license to practice pharmacy in this State. This examination was held during the month of June, 1933. The plaintiff failed to pass the examination, and on 27 June, 1933, again applied to the defendant board for an examination. This application was filed prior to 1 July, 1933, and for that reason the plaintiff was entitled under the provisions of the statute, as amended, to stand and was permitted by the defendant Board of Pharmacy to stand its examination held next after the filing of the application. This examination was held during the month of June, 1934. The plaintiff again failed to pass, and on 31 October, 1934, again applied to the defendant board for an examination. This application was denied because it was made after 1 July, 1933. The plaintiff was not entitled under the provisions of the statute, as amended, to stand the examination, and for that reason is not entitled to a writ of *mandamus* directed to the defendant Board of Pharmacy, commanding the said board to permit him to stand an examination for license to practice pharmacy in this State.

The fact that the defendant Board of Pharmacy has permitted applicants for license to practice pharmacy in this State, who have failed to pass its examination, to stand a subsequent examination without filing a new application, is immaterial in this case. On the facts found by the judge, the plaintiff was entitled to an examination only because he had filed both the original and the subsequent application prior to 1 July, 1933. He was not entitled to an examination on the application filed

subsequent to 1 July, 1933. His request for a "reëxamination" was in legal effect an application for an examination *de novo,* and the examination made on the first request after the original application was a new examination, and not a "reëxamination."

There is error in the judgment directing a writ of *mandamus* to be issued in this action, and for that reason the judgment is

Reversed.